UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 2:20-CV-14203-ROSENBERG/LOUIS

THURLOW FREDRICK WILKINS,

    Plaintiff,

v.

DEPUTY T. RAGOODIAL,

    Defendant.

_____/

## ORDER

**THIS CAUSE** comes before the Court on Defendant Ragoodial's Motion to Compel Plaintiff's Better Answers to Interrogatories and Requests for Production ("Motion to Compel") (ECF No. 30). Having reviewed the Motion, and being otherwise duly advised on the matter, the Court hereby **GRANTS** Defendant's Motion to Compel.

Defendant's Motion to Compel seeks better answers to interrogatory numbers 1, 2, 4, 5, 6, 11, 12, 13, and 17. Defendant avers that the answers provided to these interrogatories are either incomplete or inadequate. Defendant also claims the responses to Defendant's Request for Production are incomplete and evasive and, as such, should be treated as a failure to respond. Defendant further challenges Plaintiff's objection to requests on the basis that Defendant already has the requested information.[1] Plaintiff did not respond to Defendant's Motion to Compel, and the time to do so has since passed. Defendant's certificate of pre-filing conferral represents that on February 19, 2021, Defendant raised the deficiencies raised in the Motion to Compel with Plaintiff, who stated he would try to provide better answers and produce some of the requested documents

---

[1] This assertion or objection is contained within Plaintiff's answers to interrogatory numbers 1, 11, 12 and request for production number 9.

1

by March 5, 2021. Whether supplemental answers were indeed served has not been made known to the Court.

Under the Federal Rule of Civil Procedure 33(a)(2), a party may pose interrogatories related to any matter into which Rule 26(b) allows inquiry. Federal Rule of Civil Procedure 34(a) similarly provides that a party may serve requests for production of documents which are "in the possession, custody or control of the party upon whom the request is served." "Control is defined not only as possession, but as the legal right to obtain the documents requested upon demand." *Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir.1984). However, "[e]ven if a party has control of documents, the court may limit the extent of discovery through document production if the "discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive." *Mathis v. Wachovia*, No. 5:05CV163 RSEMT, 2006 WL 3747300, at *1 (N.D. Fla. Dec. 18, 2006) (citing Fed. R. Civ. P. 26(b)(2)).

### I.     INTERROGATORIES

Plaintiff does not specifically object to providing answers to any of the interrogatories. Even where Plaintiff raises Defendant's access to the information being sought, Plaintiff still answers the interrogatory. However, the answers provided are deficient in that they lack sufficient detail and rely on unidentified documents to later be produced. The Court will address each interrogatory answer raised in Defendant's Motion to Compel on an individual basis:

  a. **Interrogatory 1.** Please provide the name, address, telephone number, place of employment and job title of any person you claim was a witness to the incident described in the Amended Complaint.

  **Plaintiff's Answer:** Plaintiff states that on June 7, 2020, there are numerous inmate eye witnesses and the video cameras from the specific unit 24 cell/pod (D) location and Booking videos staff witnesses and inmate witnesses where Defendants Ragoodial used unjustified excessive force causing Plaintiff injuries. The answers to this question are

within the defendants Paul Blackman and Ragoodial's possession. As such, Plaintiff will also produce this information during discovery.

A court cannot compel better answers to an interrogatory question to which the party being asked does not know the answer; but to the extent the answer is unknown, the responding party must state so. *See Solyom v. World Wide Child Care Corp.*, No. 14-80241-CIV, 2015 WL 1886274, at *3 (S.D. Fla. Apr. 16, 2015) ("The Court cannot compel [d]efendants to give better answers to interrogatories to which they have sworn (after conducting an expanded search) that they do not know the answer."); *Waite v. AII Acquisition Corp.*, No. 15-CV-62359, 2016 WL 4433719, at *2 (S.D. Fla. May 3, 2016) (ordering that if the responding party does "not know the answers to all or part of an interrogatory, they must specifically state so"). Thus, to the extent that Plaintiff can specifically identify the name, address, telephone number, place of employment, and/or job title of any person believed to be a witness, he must provide that information. If Plaintiff does not have the requisite knowledge or information to answer this interrogatory with more specificity, he must expressly state so.

    b. **Interrogatory 2**. Please state the specific nature and substance of the knowledge that you believe the person(s) identified in your response to Interrogatory number 1 may have.

    **Plaintiff's Answer:** Plaintiff witnesses will provide direct facts that Plaintiff followed all lawful orders and never resisted showing proof that Defendants wrote fabricated sheriff office reports to cover up unnecessary use of force.

For the same reasons addressed above, to the extent that Plaintiff is aware of the identity of any witness, Plaintiff must provide this information and specify the substance and nature of the knowledge each individual witness is believed to possess.

    c. **Interrogatory 4**. Please state each item of damage that you claim you sustained as a result of Defendant Ragoodial's alleged use of force as you describe in your Amended Complaint. Please list each category of damage, such as medical expenses or lost wages, and the total amount of damage claimed for each category.

    **Plaintiff's Answer:** Plaintiff sustained physical and emotional and mental damages. Will

fully answer upon completion of discovery.

Pursuant to Fed. R. Civ. P. 26(a)(1)(C), a party is required to disclose "a computation of any category of damages claimed ... making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered." Furthermore, where discovery is sought regarding the damages being claimed, "[i]t is not sufficient for a party to respond merely by stating generally that it seeks certain types of damages, or by referring to financial documents from which the information may be derived. Even where it is premature for a party to provide expert opinions on the subject of damages, the party is required to provide a substantive response regarding the amount of damages based on the information it has to date." *Friskney v. Am. Park & Play, Inc*., No. 04-80457-CIV, 2005 WL 8156082, at *2 (S.D. Fla. June 21, 2005) (citation omitted). As such, Plaintiff must provide an amended answer to interrogatory number 4, which states the amount of damages being sought and any information on which these damages are based.

  d. **Interrogatory 5.** Please state the name, address and specialty, if any, of all medical practitioners who have examined or treated you to date as a result of the incident complained of, the nature of such treatment, so far as you are able, and the date of each visit referred to above.

  **Plaintiff's Answer:** Plaintiff will provide the answers completely with all medical practitioners upon obtaining this information.

As with interrogatory number 1 addressed above, to the extent that Plaintiff can identify any of the medical practitioners who had examined or treated him as a result of the incident complained of, and/or has knowledge of the nature of the treatment and the date of the visits, Plaintiff must provide this information. If Plaintiff does not have the requisite knowledge or information to answer this interrogatory with more specificity, he must expressly state so.

    e. **Interrogatory 6**. Have you heard or do you know about any statement or remark made by or on behalf of any party to this lawsuit, other than yourself, concerning any issues in this lawsuit? If so, state the name and address of each person who made the statement or statements, the name and address of each person who heard it, and the date, time, place and substance of each statement.

    **Plaintiff's Answer:** Plaintiff's answer to this question will be obtained from the information obtained in Question No. 1, above. Will be provided upon completion of discovery.

As with interrogatory numbers 1 and 5 addressed above, to the extent that Plaintiff can identify any specific statements, and/or the individuals who made or heard those statement, their respective addresses, and the details surrounding the statement, Plaintiff must provide this information. If Plaintiff does not have the requisite knowledge or information to answer this interrogatory with more specificity, he must expressly state so.

    f. **Interrogatory 11.** Have you ever been arrested, and if so, state the date of each arrest, the name of the officer who made each arrest, and the name of the political subdivision that employed him, the crime of which you were accused, and the final disposition of any action that was instituted on each charge.

    **Plaintiff's Answer:** Plaintiff answer is YES. Although this information is already in Defendants' possession.

As with interrogatory numbers 1, 5, and 6 addressed above, to the extent that Plaintiff knows the requested specifics regarding each of his arrests, those specifics must be provided to Defendant. If Plaintiff does not have the requisite knowledge or information answer this interrogatory with more specificity, he must expressly state so.

    g. **Interrogatory 12.** Have you ever been convicted of a crime, and if so, how many times and state specifically as to each conviction the name of the crime, the date of the conviction, the name of the court in which you were convicted, and the city, county and state of court of such conviction, and the penalty or punishment imposed by the court as to each conviction?

    **Plaintiff's Answer:** Plaintiff answer is YES. Although Plaintiff objects to this question as harassment due to the fact Defendants already has this information in their data base.

As with interrogatory number 11, to the extent that Plaintiff knows the requested specifics

regarding each of his prior convictions, those specifics must be provided to Defendant. If Plaintiff does not have the requisite knowledge or information answer this interrogatory with more specificity, he must expressly state so. As for Plaintiff's objection regarding Defendant's possession of the information, "[r]egardless of whether Defendant[ ] [is] in possession of the answers, Plaintiff[ ] [is] nonetheless obligated to answer the interrogatories." *C.H. by Hilligoss v. The Sch. Bd. of Okaloosa Cty. Fla.*, No. 3:18-CV-2128-MCR-HTC, 2020 WL 1428944, at *4 (N.D. Fla. Mar. 23, 2020).

> h. **Interrogatory 13.** Describe in detail all actions taken by Defendant Ragoodial which you contend violated your constitutional rights. Please specify each part of your body that was touched by the Defendant and the damage done.
>
> **Plaintiff's Answer:** Plaintiff would direct Defendants to read the Plaintiff's Amended Complaint and the answer to this question lays therein.

Though the Complaint may describe the actions taken by Defendant which Plaintiff contends to have violated his constitutional rights, a generic reference to the Complaint is insufficient to answer Defendant's interrogatory. *See Garcia v. Schindler Elevator Corp.*, No. 10-23543-CIV, 2011 WL 13100469, at *1 (S.D. Fla. June 22, 2011) (finding plaintiff's answers to interrogatories with "summary references" to the complaint were not sufficiently specific, and requiring plaintiff to fully respond); *C.H. by Hilligoss*, 2020 WL 1428944, at *2 (requiring plaintiffs to "revise all discovery responses which reference the Third Amended Complaint to specifically identify those allegations in the amended complaint which are responsive to the interrogatories or otherwise answer the interrogatories without reference to the amended complaint."). As such, Plaintiff must provide an amended answer to interrogatory number 13 that either identifies those specific paragraphs in the Complaint that are responsive or provide sufficient details to answer the interrogatory without reference to the Complaint.

    i. **Interrogatory 17.** Do you contend that your earning capacity or career has been damaged by the incident(s) described in the Amended Complaint? If so, please describe how and to what extent your career or earning capacity has been damaged.

    **Plaintiff's Answer:** Yes, my earning capacity due to mental and emotional damage done to Plaintiff on 6/7/20.

As previously discussed above in considering Plaintiff's answer to interrogatory number 4, interrogatories regarding damages being claimed cannot be answered so generally. If Plaintiff is seeking damages relating to a diminished earning capacity, Plaintiff must describe these damages with specificity.

    II.    **REQUESTS FOR PRODUCTION**

Plaintiff does not expressly object to a majority of Defendant's requests for production. Rather, in response to request numbers 1, 2, 3, 4, 5, 6, 8, and 10, Plaintiff states that he will provide the requested documents once he obtains them. Of course, the Court cannot compel the production of documents which are not in Plaintiff's possession or control. However, to the extent that such responsive documents exist and are in Plaintiff's control, Plaintiff must produce them, or describe the efforts made to obtain the requested documents if they are not yet available for production. *See Benjamin v. Home Depot, U.S.A., In*c., No. 09-82381-CIV, 2010 WL 11602739, at *3 (S.D. Fla. Aug. 13, 2010) (requiring plaintiff "to produce the documents responsive to these requests, or provide [d]efendant with a supplemental response" that describes "the steps taken by [p]laintiffs to locate such documents"). If there are not any responsive documents in his custody or control, Plaintiff must state so.

As for Plaintiff's answer to request number 7, Plaintiff states that he "intends to use all Highlands County jail videos etc." in response to Defendant's request to produce "[a]ll photographs, charts, diagrams, documents, videos and other physical evidence that Plaintiff intends to use at the time of trial of this cause." As with the other requests for production, if these

7

videos and other documents are in Plaintiff's control, he must produce them or explain his efforts to obtain them. If they are not in possession or control, he must state so. Furthermore, to the extent that Plaintiff is relying on documents already produced by the Defendant, he must specifically identify those documents.

Lastly, request number 9 asks for "[c]opies of all grievances and appeals you filed while at the Highlands County Jail regarding the incident described in the Amended Complaint involving Defendant Ragoodial." Plaintiff objects to this request "on the grounds that Defendants are already in possession of said documents." While a court may limit discovery where the information being sought "is obtainable from some other source that is more convenient, less burdensome, or less expensive," *Mathis*, 2006 WL 3747300, at *1, Plaintiff does not make any claims of burden or expense. "The fact that a party's counsel may already possess some of the documents and information included in his discovery requests does not excuse the responding party's failure to fully respond to the discovery requests." *Puccio v. Sclafani*, No. 12-61840-CIV, 2013 WL 4068782, at *2 (S.D. Fla. Aug. 12, 2013) (citation omitted) (requiring incarcerated plaintiff to make a good faith effort to obtain responsive documents despite his various objections including that defendant could easily obtain the documents from another source). As such, Plaintiff is required to produce any responsive documents in his custody or control, or otherwise state any good faith efforts made to obtain them.

For the forgoing reasons, Defendant's Motion to Compel Better Answers to Interrogatories and Requests for Production (ECF No. 30) is **GRANTED**. Plaintiff is instructed to provide supplemental discovery responses consistent with this Order within 14 days of his receipt of this Order. To the extent that Plaintiff later obtains additional information or documents that are responsive to Defendant's discovery requests, Plaintiff is required to further supplement his

answers pursuant to Federal Rule of Civil Procedure 26(e).

**DONE AND ORDERED** in Chambers at Miami, Florida, this 21st day of April, 2021.

_____
LAUREN FLEISCHER LOUIS
UNITED STATES MAGISTRATE JUDGE

cc: Thurlow F. Wilkins
    0500590101
    1048 Morrill Street
    Avonpark, FL 33825
    PRO SE