UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 2:20-cv-14203-RLR

THURLOW FREDRICK WILKINS,

    Plaintiff,

v.

PAUL BLACKMAN, *et al.*,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court upon Defendant Triston Ragoodial's Motion for Summary Judgment (ECF No. 34). The matter has been referred to the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, by the Honorable Robin L. Rosenberg, United States District Court Judge for the Southern District of Florida, for all non-dispositive matters and for a Report and Recommendation for any dispositive issue (ECF No. 28). Having reviewed the Motion, the record, and being otherwise duly advised on the matter, the undersigned **RECOMMENDS** that Defendant's Motion be **GRANTED**.

    **I.**    **BACKGROUND**

Plaintiff Thurlow Fredrick Wilkins, then a pretrial detainee incarcerated at the Highlands County Jail, filed a 42 U.S.C. § 1983 action alleging that Defendant, a prison guard, used excessive force on him. Plaintiff argues in his amended complaint that Defendant used excessive force on him by tasing him in his upper left back and right side for no apparent reason, placing Plaintiff in handcuffs too tightly, jumping on Plaintiff, and covering Plaintiff's mouth with his hand. Plaintiff

1

claims that he could not breathe and that he suffered taser burns, wounds, trauma inflicted by the improper use of handcuffs, and other contusions caused by excessive use of restraints; neck and back injuries; and mental anguish.

### a. Facts

Defendant's Statement of Material Facts are supported by the affidavit of Sergeant ("Sgt.") Abeln (ECF No. 33-1), multiple video recordings of the incident underlying Plaintiff's claims (ECF No. 33-2), an affidavit by Defendant (ECF No. 33-3), as well as contemporaneous reports and records (ECF No. 33-4 – 33-7). Defendant's statement of facts establish the following.

On July 7, 2020, Plaintiff had an altercation with another inmate. Defendant responded to assist Sgt. Abeln to move Plaintiff to a different unit within the jail. Plaintiff failed to comply with Sgt. Abeln's orders to pack his belongings and eventually Defendant ordered Plaintiff to face the wall and submit to handcuffs. Plaintiff refused Defendant's order and, after a short while, Defendant grabbed Plaintiff's arm in an attempt to turn him against the wall and restrain him. Plaintiff resisted and jerked his arm away to break free. Defendant then pulled his taser and deployed the prongs into Plaintiff's left shoulder. The taser did not have any effect on Plaintiff, however, having malfunctioned with only the probes deployed and the wires remaining inside the cartridge. Defendant deployed the taser again, this time in stun mode, but once again it had no effect. Defendant finally placed handcuffs on Plaintiff and walked him to booking, although Plaintiff again resisted. At some point, Plaintiff made statements to Defendant insinuating that he would or could spit in Defendant's face. Defendant responded by placing his hand over Plaintiff's mouth to prevent him from doing so.

Plaintiff was seen by the medical department immediately after the incident. The medical staff report reveals that the staff noticed taser probes in Plaintiff's left back, and that he was

agitated, aggressive, and yelling racial remarks. The record further reveals that Plaintiff did not complain to the medical staff of any injuries. The nurse was unable to do a proper skin evaluation because Plaintiff was moving excessively. A doctor evaluated Plaintiff the following day and indicated that Plaintiff had taser marks, but the skin on Plaintiff's head was intact and his left wrist appeared normal with a full range of motion.

Defendant now moves for summary judgment on the basis that he is entitled to qualified immunity. No response in opposition has been filed by Plaintiff. The certificate of service on Defendant's Motion indicates that a copy of the Motion was delivered by the United States Post Office to Plaintiff at his address of record (ECF No. 34 at 14).[1] The docket reveals no notice of undeliverable mail. Moreover, the docket reveals that Plaintiff responded to Defendant's Motion for Leave to File Exhibit "B" to his Motion for Summary Judgment Conventionally (ECF No. 35). Nevertheless, Plaintiff filed no response to Defendant's Motion for Summary Judgment.

## II.   ANALYSIS

Summary judgment "shall" be granted if "the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To discharge this burden, the movant must identify an absence of evidence to support the nonmoving party's case. *Id.* at 325.

After the movant has met its burden under Rule 56(c), the burden of production shifts, and the nonmoving party "must do more than simply show that there is some metaphysical doubt as to

---

[1] Plaintiff filed his most recent Notice of Address Change on January 25, 2021, and listed his address as: 1048 Morrill Street, Avon Park, FL 33825 (ECF No. 23).

the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The nonmoving party must support its assertion that a genuine material fact remains in dispute by citing to specific parts of the record. *Sutton v. Royal Caribbean Cruises Ltd.*, 285 F. Supp. 3d 1349, 1351 (S.D. Fla. 2018) ("In opposing a motion for summary judgment, the non-moving party may not rely solely on the pleadings, but must show by affidavits, answers to interrogatories, and admissions that a specific fact exist demonstrating a genuine issue for trial."), *aff'd*, 774 F. App'x 508 (11th Cir. 2019). A fact or issue is material for purposes of summary judgment only if it might affect the outcome of the suit under the governing law. *Webb v. Carnival Corp.*, No. 15-CV-24230, 2017 WL 10795681, at *2 (S.D. Fla. Jan. 13, 2017). Summary judgment is proper "against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case and on which that party will bear the burden of proof at trial." *Id.* (citing *Celotex Corp.*, 477 U.S. at 323).

In considering a motion for summary judgment, a court must evaluate the evidence and make all inferences in the light most favorable to the nonmoving party. *Sutton*, 285 F. Supp. at 135 (citing *Matsushita Elec. Indus. Co.*, 475 U.S. at 586). However, the nonmoving party may not merely point to a scintilla of evidence that creates a metaphysical doubt about an issue; instead, the evidence must be sufficient to allow a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co*., 475 U.S. at 586-87. Evidence is required; conclusory and unsubstantiated averments will not do, *Leigh v. Warner Bros., Inc*., 212 F.3d 1210, 1217 (11th Cir. 2000), and citations to specific record evidence are necessary. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1116-17 (11th Cir. 1993).

Pursuant to Local Rule 56.1, the Court has the authority to deem as admitted all the facts submitted by Defendant in support of his summary judgment argument. *See Tim Hortons USA,*

*Inc. v. Singh*, No. 16-23041-CIV, 2017 WL 1326285, at *3 (S.D. Fla. Apr. 5, 2017). Plaintiff's *pro se* status does not excuse his non-compliance with the local rules. *Wakefield v. City of Pembroke Pines*, No. 05-61536-CIV, 2005 WL 8170767, at *1 (S.D. Fla. Oct. 13, 2005).

### III.   DISCUSSION

Defendant avers that the force he used on Plaintiff was reasonable and not excessive and argues that he is entitled to qualified immunity with respect to Plaintiff's § 1983 excessive force claim.

The doctrine of qualified immunity protects government officials performing discretionary functions from suits for damages brought against them in their individual capacities. *Stanley v. City of Dalton*, 219 F.3d 1280, 1285 (11th Cir. 2000). In this way, the defense of qualified immunity "balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). To qualify for the immunity, a government official must show that the challenged actions were committed within the scope of his discretionary authority. *See Kingsland v. City of Miami*, 382 F.3d 1220, 1232 (11th Cir. 2004). If he can do so, "the burden shifts to the plaintiff to show that qualified immunity is not appropriate." *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002).

To determine whether the defendant acted within his discretionary authority, the Court asks "whether the [defendant] was (a) performing a legitimate job-related function (that is, pursuing a job-related goal), (b) through means that were within his power to utilize." *Holloman v. Harland*, 370 F.3d 1252, 1265 (11th Cir. 2004). In making this determination, the Court does not inquire "'whether it was within the defendant's authority to commit the allegedly illegal act.'" *Id.* (quoting *Harbert Int'l, Inc. v. James*, 157 F.3d 1271, 1282 (11th Cir. 1998)). Instead, the Court must "look

to the general nature of the defendant's action, putting aside the fact that it may have been committed for an unconstitutional purpose, in an unconstitutional manner, to an unconstitutional extent, or under constitutionally inappropriate circumstances." *Id*.

Once the defendant shows that he acted within his discretionary authority, the burden shifts to the plaintiff to demonstrate that (1) the defendant's conduct violated the plaintiff's constitutional right and (2) that the constitutional right violated was "clearly established." *Cooper v. Dillon*, 403 F.3d 1208, 1220 (11th Cir. 2005). If the plaintiff fails to make either of those showings, the defendant is entitled to qualified immunity. *Smith v. Siegelman*, 322 F.3d 1290, 1295 (11th Cir. 2003) ("Without a constitutional violation, there can be no violation of a clearly established right.").

The evidence here supports Defendant's contention that he was acting within his discretionary authority as a prison guard when he took the actions that form the basis of Plaintiff's allegations. Despite Plaintiff's failure to dispute the facts advanced by Defendant's Motion, the undersigned has reviewed the evidence offered in support of Defendant's Motion and finds that it indeed supports the material facts at issue. Having established that Defendant met his burden of showing that he was acting within his discretionary authority, the burden shifts to Plaintiff to show that Defendant's actions violated some clearly established law.

"It bears repeating that generally no bright line exists for identifying when force is excessive; we have therefore concluded that unless a controlling and materially similar case declares the official's conduct unconstitutional, a defendant is usually entitled to qualified immunity." *Priester v. City of Riviera Beach*, 208 F.3d 919, 925 (11th Cir. 2000); *see also Johnson v. Conway*, 688 F. App'x 700, 709 (11th Cir. 2017) ("No 'materially similar case' declares the detention officers' conduct unconstitutional, and the broad principles of law on which Johnson

relies do not apply with 'obvious clarity' to the specific situation facing the detention officers.").

The standard is a heavy one, but even were it otherwise, Plaintiff would fail to satisfy it because he never addresses it. Because Plaintiff did not respond to any of Defendant's contentions, he has (arguably) waived any argument he might have had on qualified immunity. *See, e.g.*, *Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1319 (11th Cir. 2012) ("[T]he failure to make arguments and cite authorities in support of an issue waives it."); *In re Egidi*, 571 F.3d 1156, 1163 (11th Cir. 2009) ("Arguments not properly presented in a party's initial brief or raised for the first time in the reply brief are deemed waived."); *Case v. Eslinger*, 555 F.3d 1317, 1329 (11th Cir. 2009) ("A party cannot readily complain about the entry of a summary judgment order that did not consider an argument they chose not to develop for the district court at the time of the summary judgment motions.").

The Court will not "act as [Plaintiff's] de facto counsel," *Franks v. State Bd. of Pardons and Paroles*, 210 F. App'x 860, 860 (11th Cir. 2006)—especially on a question, like this one, on which Plaintiff indisputably bears the burden. *See Lee*, 284 F.3d at 1194 (noting that, once the officers establish that their actions fall within their discretionary authority, "the burden shifts to the plaintiff to show that qualified immunity is not appropriate"). For the reasons discussed above, Defendant has met his burden to show that he was acting within his discretionary authority and that his actions did not violate clearly established law. Accordingly, he is entitled to qualified immunity with respect to Plaintiff's excessive force claim asserted against Defendant in his individual capacity. It is my recommendation that the Court grant Defendant's Motion for Summary Judgment.

### IV.     CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendant Ragoodial's

Motion for Summary Judgment be **GRANTED**.

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Robin L. Rosenberg, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** in Chambers in Miami, Florida, this 28th day of January, 2022.

_____
LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE

cc: All Counsel of Record