UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 2:20-CV-14203-RLR

THURLOW FREDRICK WILKINS,

    Plaintiff,

v.

PAUL BLACKMAN *et al.*,

    Defendants.
_____/

**ORDER DECLINING TO ADOPT
MAGISTRATE'S REPORT AND RECOMMENDATION AND
SETTING A NEW SUMMARY JUDGMENT BRIEFING SCHEDULE**

This matter is before the Court upon Defendant Tristan Ragoodial's Motion for Summary Judgment [DE 34], which was referred to the Honorable Lauren F. Louis for a Report and Recommendation ("R&R"). DE 28. On January 28, 2022, Judge Louis issued an R&R in which she recommended that Defendant's Motion be granted. DE 38. Plaintiff Thurlow Wilkins then filed timely objections. DE 39. The Court has conducted a *de novo* review of the R&R, objections, and the record and is otherwise fully advised in the premises.

For the reasons stated below, the Court respectfully declines to adopt the R&R. The case remains referred, and Plaintiff shall be permitted to respond to Defendant's Motion for Summary Judgment pursuant to a revised briefing schedule.

**I.    BACKGROUND**

Plaintiff, then a detainee in Highlands County Jail, brought suit under 18 U.S.C. § 1983 against Deputy Tristan Ragoodial for excessive use of force. DE 6 at 3. The Court set the close of discovery for August 23, 2021, and the deadline for dispositive motions for November 5, 2021.

DE 29. In answering Defendant's discovery, Plaintiff repeatedly stated that Defendant was in possession of the requested information and that Plaintiff would fully answer "upon completion of discovery." DE 30-3 at ¶¶ 1–6. Defendant then brought, and the Court granted, a Motion to Compel Better Answers. DE 30; DE 31. The record is silent as to whether Plaintiff ever provided sufficient responses.

On October 29, 2021, Defendant filed a Motion for Summary Judgment [DE 34] along with a supporting Statement of Material Facts [DE 33]. As part of the Statement of Material Facts, Defendant sought leave from the Court to conventionally file video evidence. DE 32. Plaintiff opposed this motion, in part, on the ground that Defendant had never complied with any discovery requests. DE 35 at 1–2. In the same filing, Plaintiff requested an order to compel, *id.*, even though discovery had then been closed for nearly three months. DE 29. The Court responded with a paperless order granting Defendant's request to conventionally file but declined to address any discovery arguments. DE 36.

By November 5, 2021, Plaintiff had failed to respond to Plaintiff's Motion for Summary Judgment. On January 28, 2022, Magistrate Judge Louis issued the instant R&R. DE 38. Analyzing Defendant's uncontested factual record, Judge Louis found that Plaintiff failed to rebut Defendant's claim of qualified immunity and accordingly recommended a grant of summary judgment. *Id.* at 6–8. Pursuant to 28 U.S.C. § 636(b)(1)(C), the parties were given 14 days to file any objections to the R&R. *Id.* at 8.

On February 11, 2021, Plaintiff filed a series of timely objections. DE 39. First, Plaintiff asserts that he is in possession of several witness statements that prove the existence of a genuine dispute concerning material facts in the case. DE 39 at 1. Second, Plaintiff insists that his repeated

efforts to conduct discovery have been spuriously denied. *Id.* Defendant declined to file any response to the objections. The Court now reviews Judge Louis' R&R *de novo*.

## II.   DISCUSSION

Courts cannot masquerade as de facto counsel for *pro se* litigants. *Jarzynka v. St. Thomas Univ. of Law*, 310 F. Supp. 2d 1256, 1264 (S.D. Fla. 2004). But *pro se* filings are held to a less stringent standard that those submitted by practicing attorneys. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). As such, *pro se* filings are to be liberally construed. *Id.* However, *pro se* litigants are not exempt from the rules that govern traditional litigants. *See Hickman v. Hickman*, 563 F. App'x 742, 743 (11th Cir. 2014) ("[P]ro se litigants still are required to conform to procedural rules."); *Staggers v. Int'l Longshoreman's Ass'n*, Case No. 20-cv-24202, 2021 WL 1145995, at *1 (S.D. Fla. March 25, 2021) ("[A *pro se* litigant] must, for example, abide by local rules governing the proper form of pleadings." (quoting *Procup v. Strickland*, 760 F.2d 1107, 1115 (11th Cir. 1985))).

Having reviewed Plaintiff's objections under this lenient standard and construing them liberally, the Court discerns two requests for relief: (1) a request to reopen discovery; and (2) a request for leave to file a response to Defendant's Motion for Summary Judgment. Both of Plaintiff's requests appeal to the Court's authority to modify the case's existing scheduling order. Fed. R. Civ. P. 16(b)(4). Such a modification requires both a showing of good cause and judicial consent. *Id.*

With respect to Plaintiff's request to reopen discovery, *see* DE 39 at 1–2, Plaintiff's request is made six months after the close of discovery. DE 29. Plaintiff had ample time—nine months—to conduct discovery and file a motion to compel. DE 29. Even proceeding *pro se*, Plaintiff knew

that motions to compel could be filed as Defendant filed not one, but two, separate motions to compel filed against him. DE 22; DE 30. Given the passage of time and Plaintiff's delay, the Court finds no good cause and therefore Plaintiff's request is denied; however, the Court will permit Plaintiff the opportunity to explain how an alleged lack of discovery affects his ability to respond to Defendant's Motion for Summary Judgment.

With respect to Plaintiff's request for an additional chance to respond to Defendant's Motion for Summary Judgment, Plaintiff asserts possession of several unfiled witness statements that will prove a genuine dispute concerning material facts. DE 39 at 3. On these grounds, the Court finds good cause to permit Plaintiff a second opportunity to respond to Defendant's Motion for Summary Judgment. Should Plaintiff be unable to adequately respond to any of Defendant's statement of facts on the basis that additional discovery is necessary to yield evidence that would allow a response then he should clearly argue the same in his response.

This case is now two years old. Accordingly, no party should anticipate further extensions of time or additional opportunities to respond to Defendant's Motion for Summary Judgment. Plaintiff shall have until **July 25, 2022**, to file his response to Defendant's Motion for Summary Judgment, together with his supporting evidence. Defendant will then have until **August 8, 2022**, to file any reply. The case remains referred to Judge Louis who shall issue a revised R&R upon conclusion of the briefing schedule set forth herein.

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Magistrate Judge Louis' Report and Recommendation [DE 38] is hereby **NOT ADOPTED**;

2. Plaintiff's request to reopen discovery is **DENIED**;

3. Plaintiff's request for an additional opportunity to respond to Defendant's Motion for Summary Judgment is **GRANTED**; and

4. Plaintiff and Defendant shall file their respective response and reply according to the schedule set forth above.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 15th day of June, 2022.

*[signature]*
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record